IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

GENE EDWARD McCUTCHEON                                              PLAINTIFF

v.                              Civil No. 3:24-cv-03003-TLB-MEF

JAILER KIM LUPINACCI, Searcy County
Detention Center (SCDC); and JAIL
ADMINISTRATOR HETTIE PARKER, SCDC                       DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff, Gene Edward McCutcheon, pursuant to 42

U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Plaintiff has sued the Defendants

in their individual capacities only.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L.

Brooks, United States District Judge, referred this case to the undersigned for the purpose of

making a Report and Recommendation.  The case is before the Court for preservice screening

under the provisions of 28 U.S.C. § 1915A(a).  Pursuant to § 1915A(a), the Court must screen any

complaint in which a prisoner seeks redress from a governmental entity or officer or employee of

a governmental entity.

## I.      BACKGROUND

According to the allegations of the Complaint, Plaintiff is a pretrial detainee currently

incarcerated in the Searcy County Detention Center ("SCDC").  (ECF No. 1 at 2).  Plaintiff alleges

that in October 2023 Defendant Lupinacci opened mail sent to him by the Court.  *Id.* at 4.  Plaintiff

also says that Defendant Parker opened two items of mail addressed to him by defense counsel in

his other pending civil rights case, *McCutcheon v. Parker, et al,* No. 3:23-cv-03041-TLB-MEF.

*Id.*  He believes the letters had been opened and then taped closed.  *Id.* at 6.  Defendant Parker

advised him that this is how the mail was received.  *Id.*  Defendant Parker is also a defendant in Plaintiff's other civil rights action.

Plaintiff alleges these injustices have caused him mental disturbances, depression, anxiety, sleepless nights, anger, and sadness.  (ECF No. 1 at 5-6).  He indicates he is now having to take prescription medication due to mental and emotional distress.  *Id.*  For relief, Plaintiff seeks compensatory damages for the pain and suffering Defendants have caused.  *Id*. at 9.  Plaintiff says he had never had mental problems "until this started."  *Id.*

## II.    APPLICABLE LAW

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.  *Spencer v. Rhodes*, 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'"  *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is

discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Id.* at 544. However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Without doubt, the Defendants acted under the color of state law. The sole question becomes whether Plaintiff has alleged plausible constitutional violations.

Tampering with legal mail can implicate both the Sixth Amendment right to counsel and the First Amendment right of access to the Courts. The right to counsel under the Sixth Amendment encompasses the right to have prison officials open and inspect privileged legal mail in the inmate's presence. *Wolff v. McDonnell*, 418 U.S. 529, 576-77 (1974). Privileged mail is narrowly defined as mail to or from an inmate's attorney and identified as such. *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

In *Beaulieu v. Ludeman*, 690 F.3d 1017, 1037 (8th Cir. 2012), a group of individuals who were civilly committed to the Minnesota Sex Offender Program sued alleging, among other things, that their legal mail was being opened outside their presence. *Id.* at 1035-1037. The Eighth Circuit reiterated that the rule set forth in *Wolff* served the "prophylactic purpose of assuring [the prisoners] that confidential attorney-client mail has not been improperly read in the guise of

searching for contraband." *Id.* at 1037 (quoting *Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997)).

> To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hinderance of a nonfrivolous and arguable meritorious underlying legal claim.

*White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (citations omitted).

Unfortunately for Plaintiff, the narrow definition of the term "legal mail" does not include mail from the Court or from opposing counsel. *See e.g., Barron v. Jones*, No. 3:20-cv-00311, 2020 WL 6200187, *2 (E.D. Ark. Oct. 22, 2020); *see also Jensen v. Klecker*, 648 F.2d 1179, 1182-83 (8th Cir. 1981) ("Many of the exhibits introduced by plaintiffs as examples of legal mail simply do not appear to come within the parameters of the attorney-client mail privilege. *Wolff* requires that all such mail be specifically marked as originating from an attorney, with that attorney's name and address."). Additionally, to state a First Amendment access to the Courts claim, a plaintiff must allege that he suffered an actual injury, which is defined as "the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008). It is well settled that an "isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or access to the courts, does not give rise to a constitutional violation." *Id.* at 431 (citations and quotation marks omitted). No plausible First Amendment claim has been asserted.

Plaintiff's Sixth Amendment claim also fails. Plaintiff does not allege that the mail involved "privileged mail" to or from his attorney. Non-privileged legal mail may be opened outside of the inmate's presence without violating the Sixth Amendment. *Wolff*, 418 U.S. at 576-77. No plausible Sixth Amendment claim is stated.

## IV.    CONCLUSION

For the reasons stated above, it is recommended that:

(1) The case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus the **Clerk** should be directed to place a § 1915(g) strike flag on the case for future judicial consideration.  And,

(3) The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**Status of the Referral:  The referral should be terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 29th day of January 2024.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE